IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EVELYN MARIE PILAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11cv198-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff, Evelyn Marie Piland, applied for disability insurance benefits under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-33 and 1381-83c, respectively.  Her application was denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision in which she found Plaintiff not disabled from the alleged onset date.  The Appeals Council rejected Plaintiff's request for review of the ALJ's decision.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the Court for review under 42 U.S.C. § 405(g).  Pursuant to

_____

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry

of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to

Jurisdiction (Doc. #8); Def.'s Consent to Jurisdiction (Doc. #9).  Based on the Court's review

of the record and the briefs of the parties, the Court AFFIRMS the decision of the

Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of
> Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id.*

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id.* at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id.* It also can contain both exertional and nonexertional limitations. *Id.* at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id.* at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id.* at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

4

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-five years old on the alleged disability onset date.  Tr. 20.  Plaintiff completed the tenth grade and had past relevant work experience as a hotel housekeeper, presser, and tacking machine operator.  Tr. 31 & 20.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of April 22, 2007.  (Step 1) Tr. 16.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments:  "arthritis of the foot, mild degenerative disc disease, and migraine headaches."  Tr. 16.  The ALJ then found that "the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments . . . ."  (Step 3) Tr. 18.  Next, the ALJ found that Plaintiff "had the residual functional capacity to perform less than the full range of sedentary work."  Tr. 18.  The ALJ then found that Plaintiff is unable to perform her past relevant work.  (Step 4) Tr. 20.  The ALJ next found that, "[c]onsidering the claimant's age, education, work experience, and [RFC]," and after consulting with a vocational expert, "there are jobs that exist in significant numbers in the national economy that the claimant can perform."  Tr. 20.  The ALJ identified the following occupations as examples: "document preparer," and "taper of printed circuits."  Tr. 21.  Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from April 20, 2007, through the date of this decision."  Tr. 21.

IV.    **PLAINTIFF'S CLAIMS**

Plaintiff presents three issues for this Court's consideration in review of the ALJ's decision:  (1) whether "the ALJ failed to properly consider the opinion of the consulting neurologist;" (2) whether "the ALJ failed to provide specific rationale for rejecting [Plaintiff's] pain testimony;" and (3) whether "the ALJ failed to properly evaluate the effects and resulting limitations caused by the combination of [Plaintiff's] severe impairments." Pl.'s Brief (Doc. #12) at 6.

V.    **DISCUSSION**

      A.    *Whether the ALJ failed to properly consider the opinion of the consulting neurologist.*

Plaintiff argues the ALJ failed to properly consider the opinion of Dr. Watson. Specifically, Plaintiff argues that the ALJ did not state with particularity the weight she gave Dr. Watson and "why she discredited his finding that the claimant would be unable to sustain concentration and work for extended periods of time."  Pl.'s Brief (Doc. #13) at 6.  Plaintiff acknowledges that an ALJ may reject a medical opinion, but argues the ALJ failed to do so with the requisite statement of particularity.  *See Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).  The Commissioner argues that the ALJ clearly specified the weight given to Dr. Watson's opinion and the reasons why.  Def.'s Brief (Doc. #13) at 6-7.

Indeed, the ALJ clearly stated what weight she assigned Dr. Watson's opinion.  The ALJ stated that she "gave only some weight to Dr. Watson's opinion."  Tr. 19.  The ALJ

went on to say that she only gave some weight to Dr. Watson's opinion because he "did not have the full medical record available when he performed his consultive examination" and that "he based much of his opinion solely on the claimant's subjective allegations." *Id.* Thus, the ALJ did "state with particularity the weight [s]he gave different medical opinions and the reasons therefor." *Sharfarz*, 825 F.2d at 279.

Next, Plaintiff argues that the ALJ's decision to reject portions of Dr. Watson's opinion while formulating the RFC was unsupported by other medical evidence of record and was contrary to Dr. Vyas's opinion. Pl.'s Brief (Doc. #13) at 7. The Commissioner counters that the ALJ's RFC determination is supported by substantial evidence and is not in conflict with Dr. Vyas's opinions.

Plaintiff's argument is backwards. It is Plaintiff's burden to establish disability and limitations in her ability to work. If Plaintiff fails to provide sufficient evidence of work limitations, the ALJ will not find Plaintiff disabled. Furthermore, in formulating the RFC, the ALJ "is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985). In this case, the ALJ articulated valid reasons for rejecting portions of Dr. Watson's opinion. The ALJ also set forth her reasons for the formulated RFC, discussing Plaintiff's medical history and evidence of record. Tr. 16-21; *see Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) ("The RFC is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite her impairments.").

Plaintiff's argument that Dr. Watson's opinion was supported by Dr. Vyas's is unavailing. Plaintiff points to Dr. Vyas's notations that Plaintiff exhibited tenderness in parts of her foot, suffered possible osteoarthritis involving the left knee joint, chronic foot pain, possible foot fracture, headaches, and a history of constipation. Pl.'s Brief (Doc. #13) at 8. Plaintiff argues that these findings "support Dr. Watson's statements which suggests an inability to work." *Id*. Plaintiff does not express further how these findings support Dr. Watson's statements regarding Plaintiff's inability to work. The ALJ rejected the portions of Dr. Watson's opinion that were based solely on Plaintiff's subjective complaints. The ALJ accepted Dr. Watson and Dr. Vyas's opinions relating to Plaintiff's foot and her headaches. The ALJ found those impairments, along with degenerative disc disease to be severe impairments. Dr. Vyas did not opine that these impairments were disabling, and as stated above, Dr. Watson's opinions regarding the limiting nature of Plaintiff's impairments were not based on objective medical evidence, but on Plaintiff's subjective complaints. Much of those opinions were not related to Plaintiff's foot or migraines, but were related to other complaints, such as overhead reaching, exposure to respiratory irritants, and hip and flank pain. Plaintiff has failed to show that the RFC was in conflict with Dr. Vyas's findings, or that Dr. Vyas's opinion somehow supported Dr. Watson's statements and thus suggest an inability to work.

### B.   Whether the ALJ failed to provide specific rationale for rejecting Plaintiff's pain testimony.

Here, Plaintiff argues that the ALJ failed to satisfy Social Security Ruling 96-7p's

8

requirement that the ALJ articulate specific reasons for rejecting Plaintiff's subjective complaints of pain.  The Commission counters that the ALJ did supply specific reasons for rejecting Plaintiff's complaints and articulated reasons for doing so that were supported by the record.  Def.'s Brief (Doc. #13) at 11.

A review of the record reveals that the ALJ articulated that she did not find Plaintiff's complaints fully credible and why.  *See* Tr. 19.  The ALJ specified that:  Plaintiff's allegation regarding her need to elevate her legs "is not supported by the objective medical evidence of record" and that since the middle of 2007 "the medical record does not document significant swelling of the feet or legs;" that Plaintiff's allegations of severe pain are not supported by objective medical evidence, which documents improvement in the claimant's pain with the use of Lyrica;" and the inconsistency in the reporting of the severity of her headaches.  *Id*.  Thus, the ALJ articulated both her finding that Plaintiff's complaints were not fully credible and specified which portions and why.  The court finds this argument to be without merit.

### C.   *Whether the ALJ failed to properly evaluate the effects and resulting limitations caused by the combination of Plaintiff's severe impairments.*

Here Plaintiff argues that the ALJ erred when she "failed to properly evaluate the effects and resulting limitations imposed by the **combination** of [Plaintiff's] severe impairments."  Pl.'s Brief (Doc. #12) at 12 (emphasis in original).  The Commissioner counters that Plaintiff's argument has no merit and ignores the plain language of the ALJ's

decision.

The court notes that the ALJ expressly stated that "claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." Tr. 18. Plaintiff concedes this statement, as she must, but then argues that it does not appear the ALJ considered the combination of impairments when considering Plaintiff's ability to perform past relevant work. Pl.'s Brief (Doc. #12) at 13. The basis for Plaintiff's argument appears to be the ALJ's discussion of Plaintiff's impairments individually. *See* Tr. 16-18. As the Commissioner points out, the ALJ is required to consider all of Plaintiff's impairments. That the ALJ discussed each impairment does not evidence the ALJ's failure to consider them together. Further, the ALJ found that Plaintiff could not perform past relevant work, so it is hard to imagine how Plaintiff was prejudiced, as she claims, when determining whether she could perform past relevant work. Moreover, it is clear from the ALJ's decision and the RFC determination (which limits Plaintiff to less than a full range of sedentary work) that the ALJ considered Plaintiff's impairments individually and in combination when making the disability determination. Accordingly, the court finds this argument to be without merit.

## VI.    CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 21st day of February, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE